**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>American Blue Ribbon Holdings, LLC,<br><br>        Debtor.[1] | Chapter 11<br><br>Case No.: 20-10161 (\_\_\_) |
| In re<br><br>Legendary Baking, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No.: 20-10162 (\_\_\_) |
| In re<br><br>Legendary Baking Holdings, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No.: 20-10163 (\_\_\_) |
| In re<br><br>Legendary Baking of California, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No.: 20-10164 (\_\_\_) |
| In re<br><br>SVCC, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No.: 20-10165 (\_\_\_) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF**
**<u>RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY</u>**

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Blue Ribbon Holdings, LLC (1224-Del.); Legendary Baking, LLC (2615-Del.); Legendary Baking Holdings, LLC (2790-Del.); Legendary Baking of California, LLC (1760-Del.); and SVCC, LLC (9984-Ariz.). The Debtors' address is 3038 Sidco Drive, Nashville, TN 37204.

25941360.2

American Blue Ribbon Holdings, LLC ("Blue Ribbon"), Legendary Baking, LLC ("Legendary Baking"), Legendary Baking Holdings, LLC ("Legendary Holdings"), Legendary Baking of California, LLC ("Legendary California"), and SVCC, LLC ("SVCC"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 Cases for procedural purposes only.  In support of the Motion, the Debtors rely on the *Declaration of Kurt Schnaubelt in Support of First Day Motions* (the "First Day Declaration") filed substantially concurrently herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the Court's entry of a final judgment or order with respect to the Motion if it is determined that the Court,

25941360.2

2

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

## II.  BACKGROUND

4.  On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.  The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Cases and no statutory committee has been appointed yet by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6.  The Debtors' business consists of three brands: (i) Village Inn, (ii) Bakers Square, and (iii) Legendary Baking.  Founded in 1958 and 1969, respectively, Village Inn and Bakers Square are full-service sit-down family dining restaurant concepts (together, the "Family Dining Business") that feature a variety of menu items for all meal periods.  As of the Petition Date, in connection with the Family Dining Business, the Debtors operate 97 restaurants in 13 states, franchise 84 Village Inn restaurants, and maintain an e-commerce presence as well.

7.  Legendary Baking is the Debtors' manufacturing operation that produces pies in two Debtor-owned production facilities.  Legendary Baking provides those pies to the Family Dining Business for sale in Village Inn and Bakers Square restaurants while also selling pies to other restaurants, independent bakers, and customers.  In connection therewith, the Debtors own and operate two bakery facilities located in Oak Forest, Illinois and Chaska, Minnesota, and lease a cold storage distribution center located in Chicago, Illinois.

25941360.2

8. The Debtors' revenues are primarily derived from restaurant sales, bakery operations, and franchise fees and sales royalties. As discussed in detail in the First Day Declaration, in the ordinary course of business, the Debtors engage in certain affiliate transactions with their non-debtor parent, ABRH, LLC ("ABRH"), including relying on employees provided by ABRH via a contract staffing arrangement, as well as on numerous support services that are provided by ABRH and shared among the Debtors' businesses and non-debtor affiliates' restaurant brands.

9. Several factors contributed to the Debtors' financial distress and subsequent bankruptcy filings, including (i) increased competition in the restaurant business, (ii) continuing margin pressure from rising labor costs (especially in states with many Debtor restaurants), (iii) an increasing number of unprofitable restaurants (including due to unfavorable locations and high occupancy costs), (iv) an overall decline in foot traffic in the restaurant industry, and (v) despite a positive turn in 2019, financial performance of Legendary Baking.

10. As a result of the foregoing, the Debtors have sustained losses of approximately $11 million in fiscal year 2018 and approximately $7 million in fiscal year 2019. The Debtors were able to cover those losses using certain one-time cash flow sources and funding by ABRH and other non-debtor affiliates, but projections for fiscal year 2020 indicate continued losses, which ABRH and the Debtors' other affiliate companies are no longer willing to fund.

11. To reduce losses, shortly before the Petition Date the Debtors ceased operations at 33 underperforming restaurants (in addition to 17 locations that had closed in the past two years) and executed a reduction-in-force of approximately 1,100 individuals. However, despite those measures, in the absence of continued funding by ABRH or otherwise, the Debtors projected that they would face a liquidity crisis on or about the Petition Date. Accordingly, in an effort to avert

continued losses and avoid further deterioration of the businesses, the Debtors have filed these Cases to (i) explore strategic options while under the protection of the Bankruptcy Code, including through focusing the Family Dining Business on the remaining store locations; and (ii) obtain postpetition financing that will provide sufficient liquidity for the Debtors to fund their operations during these Cases.

12. To meet those objectives, the Debtors and their non-debtor affiliate Cannae Holdings, Inc. ("Cannae") agreed on that certain Senior Secured, Superpriority Debtor-in-Possession Credit Agreement that provides for a senior secured credit facility (the "DIP Facility") of up to $20 million, which should permit the Debtors to meet their obligations in these Cases.

13. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the First Day Declaration.

### III.  RELIEF REQUESTED

14. By this Motion, the Debtors seek entry of the Proposed Order authorizing and directing the joint administration of their Cases for procedural purposes only.  The Debtors also request that the caption of their Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| AMERICAN BLUE RIBBON HOLDINGS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.:  20-10161 (___) |
| Debtors. | (Jointly Administered) |

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Blue Ribbon Holdings, LLC (1224 Del.); Legendary Baking, LLC (2615 Del.); Legendary Baking

25941360.2

5

Holdings, LLC (2790 Del.); Legendary Baking of California, LLC (1760 Del.); and SVCC, LLC (9984 Ariz.). The Debtors' address is 3038 Sidco Drive, Nashville, TN 37204.

15. In addition, the Debtors request that the Court establish a joint docket and file for these Cases, and direct the Clerk of the Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of American Blue Ribbon Holdings, LLC, Legendary Baking, LLC, Legendary Baking Holdings, LLC, Legendary Baking of California, LLC, SVCC, LLC. The docket in the chapter 11 case of American Blue Ribbon Holdings, LLC, Case No. 20-10161 (___), should be consulted for all matters affecting this case.

16. Finally, the Debtors request that the Court permit use of a combined service list and combined notices.

### IV. BASIS FOR RELIEF

17. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. Fed. R. Bankr. P. 1015(b). Additionally, Local Rule 1015-1 permits entry of such an order without notice or a hearing if the Debtors demonstrate that such treatment is warranted.

18. Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases, while also ensuring that individual creditors' rights are not unduly prejudiced. *In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors …."). As stated in the Official Committee

Note to Bankruptcy Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 (Committee Note, ¶ 4).

19. Joint administration is warranted in these Cases because (i) the Debtors' financial affairs and business operations are closely related and (ii) joint administration will ease the administrative burden on the Court and other parties in interest.

20. The Debtors are affiliated entities. Debtors Legendary Baking, Legendary Holdings, Legendary California, and SVCC are wholly-owned subsidiaries of Debtor Blue Ribbon. All of the Debtors are under common management. The Debtors share many creditors and parties in interest. Joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice to creditors, because the relief sought herein does not seek to consolidate the Debtors' estates for substantive purposes.

21. With five affiliated debtors, each with its own case docket, administering these Cases separately would result in duplicative pleadings, notices, orders, and other documents filed and served upon separate service lists. This unnecessary duplication would be costly and unduly burdensome for the estates and would not create any counterbalancing benefit for creditors.

22. Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues. In contrast, joint administration will permit the Clerk to use a single docket—that of American Blue Ribbon Holdings, LLC—for all of the

Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

23. Finally, separate administration of these Cases would likely confuse creditors. By jointly administering the estates, creditors and other parties in interest will receive notice of all matters involving all of the entities that are required to be served on such parties, thereby ensuring that creditors and other parties in interest are fully informed of all matters potentially affecting their rights. The Debtors request that the official caption to be used by all parties in all court filings in the jointly administered Cases be in the form set forth in paragraph 14 of this Motion. The Debtors submit that use of the simplified caption for all court filings will eliminate cumbersome and confusing procedures and ensure uniformity in filings.

24. The relief requested herein is purely procedural and does not effectuate a substantive consolidation of the Debtors' estates. Thus, there will be no prejudice to creditors or other parties in interest if these Cases are jointly administered. Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

### V.  NOTICE

25. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (iii) Cannae Holdings, Inc.; and (iv) the Banks. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

25941360.2

## VI. CONCLUSION

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter the Proposed Order, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: January 27, 2020

/s/ Ian J. Bambrick
Michael R. Nestor, Esq. (DE Bar No. 3526)
Robert F. Poppiti, Jr., Esq. (DE Bar No. 5052)
Ian J. Bambrick, Esq. (DE Bar No. 5455)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
Tel: (302) 571-6600
Fax: (302) 571-1253

and

David A. Fidler, Esq.
Jonathan M. Weiss, Esq.
Sasha M. Gurvitz, Esq.
KTBS LAW LLP, *f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel: (310) 407-4023
Fax: (310) 407-9090

*Proposed Counsel to Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>American Blue Ribbon Holdings, LLC,<br><br>                Debtor.[1] | Chapter 11<br><br>Case No.: 20-10161 (___) |
| In re<br><br>Legendary Baking, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No.: 20-10162 (___) |
| In re<br><br>Legendary Baking Holdings, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No.: 20-10163 (___) |
| In re<br><br>Legendary Baking of California, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No.: 20-10164 (___) |
| In re<br><br>SVCC, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No.: 20-10165 (___) |

**ORDER AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Upon the motion (the "Motion")[2] of American Blue Ribbon Holdings, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Blue Ribbon Holdings, LLC (1224-Del.); Legendary Baking, LLC (2615-Del.); Legendary Baking Holdings, LLC (2790-Del.); Legendary Baking of California, LLC (1760-Del.); and SVCC, LLC (9984-Ariz.). The Debtors' address is 3038 Sidco Drive, Nashville, TN 37204.

25941360.2

cases (the "Cases") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 Cases for procedural purposes only; and upon consideration of the First Day Declaration and the record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Cases are hereby consolidated, for procedural purposes only, and shall be jointly administered by this Court. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

25941360.2

2

3. The caption of the jointly administered Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| AMERICAN BLUE RIBBON HOLDINGS, LLC, a Delaware limited liability company, *et al.*,[1] | Case No.: 20-10161 (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Blue Ribbon Holdings, LLC (1224-Del.); Legendary Baking, LLC (2615-Del.); Legendary Baking Holdings, LLC (2790-Del.); Legendary Baking of California, LLC (1760-Del.); and SVCC, LLC (9984-Ariz.). The Debtors' address is 3038 Sidco Drive, Nashville, TN 37204.

4. The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

5. All original court filings shall be captioned as set forth immediately above, and all original docket entries shall be made in the case of American Blue Ribbon Holdings, LLC, Case No. 20-10161 (___).

6. The Clerk of this Court shall make a notation substantially similar to the following on the docket of each Debtor:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of American Blue Ribbon Holdings, LLC, Legendary Baking, LLC, Legendary Baking Holdings, LLC, Legendary Baking of California, LLC, and SVCC, LLC. The docket in the chapter 11 case of American Blue Ribbon Holdings, LLC, Case No. 20-10161 (___), should be consulted for all matters affecting this case.

7. The Clerk of the Court shall maintain a single docket and file under the case number assigned to American Blue Ribbon Holdings, LLC, which shall be the docket and file for all of the Cases.

25941360.2

8. This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating the Debtors' respective estates.

9. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2020

_____
Honorable
United States Bankruptcy Judge

25941360.2

4