**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AMERICAN BLUE RIBBON HOLDINGS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No.: 20-10161 (LSS)<br><br>(Jointly Administered)<br><br>**Re Docket Nos. 13 & 129** |

**ORDER, PURSUANT TO SECTIONS 105(a), 365(a) AND 554(a) OF THE BANKRUPTCY CODE, GRANTING DEBTORS' FIRST OMNIBUS MOTION AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND (II) ABANDON ANY REMAINING PROPERTY LOCATED AT THE LEASED PREMISES**
*NUNC PRO TUNC* **TO THE PETITION DATE**

Upon the motion (the "Motion")[2] of American Blue Ribbon Holdings, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases") for entry of an order, pursuant to sections 105(a), 365, and 554(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors to (a) reject those certain unexpired leases of non-residential real property set forth on **Exhibit 1** hereto (collectively, the "Rejected Leases"), effective as of the Petition Date, and (b) with respect to the Closed Locations, abandon, effective as of the Petition Date, any personal property of the Debtors, including, but not limited to, furniture, fixtures, and equipment (collectively, the "Remaining Property"), that remains, as of the Petition Date, on the

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Blue Ribbon Holdings, LLC (1224-Del.); Legendary Baking, LLC (2615-Del.); Legendary Baking Holdings, LLC (2790-Del.); Legendary Baking of California, LLC (1760-Del.); and SVCC, LLC (9984-Ariz.). The Debtors' address is 3038 Sidco Drive, Nashville, TN 37204.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

25942067.5

premises (the "<u>Leased Premises</u>") that are the subject of the Rejected Leases, and (ii) granting certain related relief; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and is an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases are rejected by the Debtors and their estates effective as of the Petition Date.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any of the Debtors' Remaining Property remaining, as of the Petition Date, on the Leased Premises is abandoned by the Debtors and their estates, free and clear of all liens, claims, encumbrances and interests, with such abandonment being effective as of the Petition Date. The Landlords (or, in the case of Sublease Locations in which a sub-tenant remains in possession of the property, the Landlord and/or such sub-tenant) may utilize or dispose of any such Remaining

25942067.5

Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, and without any notice or liability to the Debtors and their estates or to any third party and without waiver of any claim such Landlords (or sub-tenants, if applicable) may have against the Debtors and their estates.

4. Any claims arising out of the rejection of the Rejected Leases must be filed on or before the deadline established by the Court for filing proofs of claims in these Cases for rejection damages. The Debtors reserve all rights to contest any rejection damages claim and to contest the characterization of each Rejected Lease, including whether such Rejected Lease may have terminated prior to the Petition Date or otherwise. If the Debtors have deposited monies with a Landlord to a Rejected Lease as a security deposit or other arrangement, such Landlord may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5. With respect to the security deposit of Busard-Hargeaves Enterprises, LLC held by the Debtors in relation to that certain non-residential real property located at 2240 North Canton Center Road, Canton, Michigan (the "Security Deposit"), the Debtors shall return the Security Deposit within ten (10) days of the entry of this Order net of any amounts owing to the Debtors.

6. The Debtors do not waive any claims that they may have against the Landlord to any Rejected Lease, whether or not such claims are related to such Rejected Lease.

7. The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

8. The requirements in Bankruptcy Rules 6006 and 6007 are satisfied or otherwise waived.

25942067.5

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

10. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: February 21st, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

25942067.5