**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AMERICAN BLUE RIBBON HOLDINGS, LLC,<br>a Delaware limited liability company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 20-10161 (LSS)<br><br>(Jointly Administered)<br><br>**Re Docket No. 75** |

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of American Blue Ribbon Holdings, LLC and its affiliated debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 501 and 502 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) establishing 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days after the Bar Date Notice Mailing Date as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on claims against the Debtors that arose prior to the Petition Date, including requests for allowance and payment of claims under

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Blue Ribbon Holdings, LLC (1224-Del.); Legendary Baking, LLC (2615-Del.); Legendary Baking Holdings, LLC (2790-Del.); Legendary Baking of California, LLC (1760-Del.); and SVCC, LLC (9984-Ariz.). The Debtors' address is 3038 Sidco Drive, Nashville, TN 37204.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

25971914.2

section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors in the 20 days prior to the Petition Date (the "General Bar Date"), (ii) establishing July 27, 2020, at 5:00 p.m. (prevailing Eastern Time), as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim against the Debtors (the "Government Bar Date"), (iii) approving the Bar Date Notice Procedures, (iv) approving the Supplemental Schedules Bar Date and Rejection Bar Date with respect to claims filed in response to amendments of the Debtors' Schedules or for rejection damage claims, respectively, as well as the Supplemental Bar Date for claims by certain persons or entities that are provided with a Bar Date Package subsequent to the Bar Date Mailing Notice Date; (v) approving the proposed form of Bar Date Notice, and (vi) approving the proposed manner of publication of the Bar Date Notice; and upon consideration of the record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

        **ORDERED, ADJUDGED, AND DECREED THAT:**

        1.       The Motion is GRANTED as set forth herein.

2. Except as otherwise provided herein, (i) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days after the Bar Date Notice Mailing Date is established as the General Bar Date and (ii) July 27, 2020, at 5:00 p.m. (prevailing Eastern Time) is established as the Government Bar Date.  The Debtors shall file a copy of the Bar Date Notice on the docket of these Cases that identifies the General Bar Date.

3. If the Debtors file an amendment to or supplement their Schedules subsequent to the mailing of the Bar Date Notice in order to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, they will provide notice of any such amendment or supplement to the holders of the claims affected thereby within ten (10) days of such filing.  Holders of the claims affected by any such amendments must file Proofs of Claim with respect to such claims on or before the later of (i) the General Bar Date or Government Bar Date, as applicable and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the date on which notice is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Debtors file an amendment or supplement to their Schedules shall not be required to file another Proof of Claim if the claim set forth in the Proof of Claim is not affected by the amendment or supplementation.

4. Any counterparty or other party in interest asserting a claim or claims against the Debtors arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days after the date of entry of an order approving the rejection of the executory contract or unexpired lease, and (ii) the General Bar Date (the "Rejection Bar Date" and with the General Bar Date, Government Bar Date, the Supplemental Schedules Bar

Date, and Supplemental Bar Date (as defined below), the "Bar Dates"). Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim (other than a rejection damages claim) on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease must file a Proof of Claim for such amounts on or before the General Bar Date or Government Bar Date, as applicable, unless such party is expressly excluded from filing a Proof of Claim by this Order.

5.  The following persons or entities are **not** required to file a Proof of Claim on or before the General Bar Date or the Government Bar Date, as applicable:

   a.  any person or entity whose claim is listed on the Schedules and (i) whose claim is not described therein as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount, priority, or nature of the claim as set forth in the Schedules, and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against which the claim is listed;

   b.  any person or entity whose claim has been paid in full;

   c.  any person or entity that holds a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of membership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest, or the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

   d.  any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except for a holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a Proof of Claim on or prior to the General Bar Date;

   e.  any person or entity that holds a claim that has been allowed by a final order of this Court entered on or before the applicable Bar Date;

---

[3] The Debtors reserve all rights with respect to such claims, including, without limitation, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

25971914.2

  f. any holder of a claim for which a separate deadline is fixed by this Court;

  g. any holder of a claim against the Debtors that has previously been properly filed with the Clerk of the Court or with the Claims Agent (utilizing a claim form that substantially conforms to the Proof of Claim Form);

  h. any Debtor holding a claim against another Debtor;

  i. any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

  j. any current employee who has a claim for accrued prepetition vacation, sick leave, or holiday time; *provided, however*, that a current employee must submit a Proof of Claim by the General Bar Date if he or she disputes the amount of his or her previously authorized vacation, sick leave, or holiday time claim or his or her claim relates to (i) any wage or benefit other than vacation, sick leave, or holiday time or (ii) damages arising from claims for wrongful termination, discrimination, or the like; and

  k. any holders of one or more prepetition gift card(s) issued by the Debtors, in respect of a claim based solely on the prepaid monetary amount of such gift card(s).

6. Any person or entity that relies on the Schedules has the responsibility to determine that such person or entity's claim is accurately listed in the Schedules.

7. The Debtors' Claims Agent shall mail the Bar Date Package on a date that is not more than five (5) business days after entry of this Order. Each party in interest that is entitled to receive notice hereunder will receive a Proof of Claim Form, substantially in the form attached hereto as **Exhibit 2**; *provided, however*, that such Proof of Claim Form may be customized for each creditor whose claim is listed on the Schedules (whose claim is not disputed, contingent, or unliquidated) with the creditor's name, address, and information regarding the nature, amount, and status of its claim(s) as reflected in the Schedules.

8. After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that:

25971914.2

5

(i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (iii) additional potential claimants become known as a result of the Bar Date mailing process.  If notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.  If the Debtors determine after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by such parties shall be the later of (i) the General Bar Date or the Government Bar Date, as applicable, and (ii) thirty (30) days from the mailing of the Bar Date Package to such parties (the "<u>Supplemental Bar Date</u>").

        9.        The Claims Agent shall prominently display the Bar Dates and post the Proof of Claim Form and Bar Date Notice on its website at https://dm.epiq11.com/AmericanBlueRibbon.

        10.        All Proofs of Claim filed against the Debtors must substantially conform to the Proof of Claim Form and all **original** Proofs of Claim must be received by the Claims Agent on or before the applicable Bar Date either (i) electronically through the Claims Agent's website at https://dm.epiq11.com/AmericanBlueRibbon or (ii) by first-class mail, overnight delivery service, or hand delivery at the following address:

    **If sent by United States Postal Service, send to:**

        American Blue Ribbon Holdings, LLC, Claims Processing Center
        c/o Epiq Corporate Restructuring, LLC
        P.O. Box 4420
        Beaverton, OR 97076-4420

    **If sent by Hand Delivery or Overnight Delivery, send to:**

        American Blue Ribbon Holdings, LLC, Claims Processing Center
        c/o Epiq Corporate Restructuring, LLC

25971914.2

      10300 SW Allen Blvd.
      Beaverton, OR 97005

11. Proofs of Claim will be deemed timely filed only if **actually received** by the Claims Agent on or before the applicable Bar Date.

12. Each Proof of Claim must:

    a. be written in the English language;

    b. denominate the claim in lawful currency of the United States as of the Petition Date;

    c. conform substantially with the Proof of Claim Form;

    d. be signed by the claimant or by an authorized agent of the claimant;

    e. indicate the particular Debtor against which the claim is asserted;

    f. include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided, however*, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors;

    g. set forth the legal and factual basis for the alleged claim; and

    h. with respect to any request for payment of a claim under section 503(b)(9) of the Bankruptcy Code, (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (ii) attach any documentation identifying which of the Debtors the goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the amount asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the portion of the claim that relates solely to the value of goods, and (iv) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

13. Parties who wish to receive from the Claims Agent a proof of receipt of their proofs of claim, must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope.

14. All entities asserting claims against more than one Debtor shall be required to file a separate Proof of Claim with respect to each such Debtor.

25971914.2

15. All holders of claims under section 503(b)(9) of the Bankruptcy Code shall be required to file a Proof of Claim prior to the General Bar Date.

16. Unless otherwise ordered by the Court, any holder of a claim against any of the Debtors who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these Cases.

17. Notice of the Bar Date Package shall be deemed good, adequate, and sufficient notice if it is served as provided for herein, upon the following Bar Date Notice Parties:

    a. the U.S. Trustee;

    b. any official committee(s) appointed in these Cases;

    c. all known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    d. all parties known to the Debtors as having potential claims against any of the Debtors' estates;

    e. all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    f. all parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order);

    g. all parties who have requested notice pursuant to Bankruptcy Rule 2002;

    h. the Internal Revenue Service;

    i. all regulatory agencies that have jurisdiction over the Debtors;

    j. all applicable state and local tax authorities and all environmental authorities listed in the Debtors' statement of financial affairs, as required by Local Rule 2002-1(e);

    k. the Debtors' non-debtor affiliates, and the Debtors' and such non-debtor affiliates' current officers, members, managers, and employees;

       l.      the Debtors' former officers, directors, members, managers, and employees to the extent that contact information for such former officers, directors, members, managers, and employees is available in the Debtors' records for the two years prior to the Petition Date; and

       m.     all holders of equity interests in the Debtors.

18.     The Bar Date Notice and the Proof of Claim Form, each substantially in the form attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, are approved in all respects.

19.     Pursuant to Bankruptcy Rule 2002(1), the Court finds that notice by mail to all potential creditors is impracticable and therefore the Debtors shall, on or near the Bar Date Notice Mailing Date, publish the Bar Date Notice, with such changes as may be required for publication, once in the national edition of *USA Today*, which publication is hereby approved in all respects and which shall be deemed good, adequate, and sufficient publication notice of the Bar Dates.

20.     Prior to mailing the Bar Date Package and publishing the Bar Date Notice, the Debtors may cause to be filled in any missing dates and other information, correct any typographical errors, conform the provisions thereof to this Order, and make such other non-material changes to the Bar Date Notice and the Proof of Claim Form as the Debtors deem necessary or appropriate.

21.     The Debtors retain all rights to (i) object to any Proof of Claim on any grounds; (ii) dispute, or assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise; and (iii) subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

22.     Notification of the relief granted in this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors in connection with claims they may have against any of the Debtors in these Cases.

25971914.2

23. Entry of this Order is without prejudice to the rights of the Debtors and their estates to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors.

24. The Debtors and the Claims Agent are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

25. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

*[Signature]*

**Dated: February 21st, 2020**
**Wilmington, Delaware**

25971914.2

10